IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| RENE RAMSEY, | * |
| Plaintiff, | * |
| v. | *  Civil Case No.: SAG-19-3245 |
| BROADWAY SERVICES INC., | * |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Rene Ramsey ("Plaintiff"), who is self-represented, filed this action against Broadway Services Inc. ("Broadway") alleging "retaliation" and "unequal terms and conditions" of employment. ECF 1 at 6. Broadway has filed a motion to dismiss, claiming Plaintiff's complaint is untimely. ECF 21. Plaintiff filed an opposition to the motion. ECF 24. For the reasons described below, Broadway's motion must be granted.

The EEOC mailed Plaintiff a 90-day right to sue letter on August 7, 2019, according to the allegations in Plaintiff's Complaint and the right to sue letter, which he attached. ECF 1 at 6; ECF 1-2. Nevertheless, Plaintiff did not file his Complaint in the instant matter until November 8, 2019, three days after the deadline.

Title VII discrimination claims must be filed within 90 days of receipt of a right to sue letter, 42 U.S.C. § 2000e–5(f)(1), and that deadline is strictly enforced. *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984); *see also Moulden v. Tangherlini*, RDB-14-3506, 2015 WL 8757609, at \*2 (D. Md. Dec. 15, 2015) ("Courts strictly enforce the ninety day filing requirement, even if the plaintiff is *pro se*."); *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987) (describing that a complaint filed ninety-one days after receipt of notice

was untimely). While equitable tolling can be available, it applies "only in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period . . . and gross injustice would result.'" *Kramer v. Bd. of Educ. of Balt. Cnty.*, 788 F. Supp. 2d 421, 426 (D. Md. 2011) (quoting *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc)); *see also Crabill v. Charlotte Mecklenburg Bd. of Educ.*, 423 F. App'x 314, 321 (4th Cir. 2011) (noting that equitable tolling applies in two kinds of situations: "In the first, the complainant has been induced or tricked . . . into allowing the filing deadline to pass. In the second, 'extraordinary circumstances beyond the plaintiff's control made it impossible to file the claims on time.'" (citations omitted)). Plaintiff does not allege any type of inducement or trickery, and the record is clear that he was made aware of the correct filing deadline in the right to sue letter. Thus, there is no basis for equitable tolling, and his claims are barred as untimely.

Accordingly, Broadway's motion will be granted, and Plaintiff's Complaint will be dismissed. A separate order follows.

Dated: November 12, 2020  /s/
Stephanie A. Gallagher
United States District Judge